The next case is number 07-7282, Jack R. Mansfield Sr. against the Secretary of Veterans Affairs. Mr. Walsh. If it pleases the court, I'm Robert Walsh. The Mansfields aren't with us today. Mr. Mansfield is very seriously ill, and I think it demonstrates the power of prayer that he's still with us, if you've reviewed any of the medical facts of this case. This case came to me in 2001, when Mrs. Mansfield called me. I had been, in 1990 and 1991, a staff attorney for the VA, and I set up the counsel's office at our local medical center, and I dropped the receiver, I think, when she called and asked for help in this case. I'm not a gambler, but I would have bet every dollar I had that Mr. Mansfield couldn't still be alive at that point. He was on a ventilator, I think, for two months. He was hospitalized for six months. This is a horrific medical ordeal he went through. Now, Mr. Hickman, who was the Director of Compensation and Pension, after the federal tort litigation in federal district court was settled, sent this 1993 letter, this June 1993 letter, down to the regional office in Detroit. He stated that he determined that a claim for benefits under 38 U.S.C. 1151 existed and to develop it. Now, what is that claim? Is that claim the document, this form SF-95? Well, let me explain, Your Honor. When I came into the case, the Mansfields had no documents. So we went back and I called the plaintiff's counsel in Detroit, but because of the seven-year delay from Mr. Hickman's letter until the case was decided, it was over seven years, they had prevailed on the case. There was no appeal. There was no issue. It was a routine case, and their firm's policy was that the record was destroyed. So... So, well, are you telling me it's not the SF-95? Well, I'm saying that I can't have the degree of certainty that the board had. Let me tell you what the problem you face. The problem you face, as far as I can see it, is that the board held as a fact that there was nothing in this record showing that a claim had been made before the year 2000 and the court, the Veterans Court, held that that finding was not clearly erroneous, and we have no jurisdiction to reveal that factual determination. So it seems to me, in the light of that, you've got to come up with something that shows that a claim was filed, and this mere statement in the subsequent letter that there was a claim, we don't know what his basis for that statement was. We don't know what the claim was. We don't know what it was. And how can we say on the basis of that statement that therefore we should presume that there was a fact... I'd say, as I read the SF-95, and tell me if I'm wrong in that, that was the administrative aspect that was necessary, the administrative claim that had to be filed before you could file a suit under the Federal Tort Claims Act. Correct. And it's clearly not a claim, it seems to me, for veterans' benefits. Indeed, there's a parallel claim by the wife, asking for $250,000. He asked for half a million dollars, and the wife at that point had no conceivable basis for a veterans' benefit claim. So it seems to me there has to be something else, unless your argument is that as long as the SF-95 was based on the same incident that underlay the subsequent claim for veterans' benefits, that was enough to constitute a claim for veterans' benefits. I make that point, as I was going to say. I was operating in an information blackout when I came into this case. So I FOIAed the district council for their litigation file. But unfortunately, they and the court keep just a bare bones. They kept the pleadings, and the settlement, and the order. Now, Mr. Hickman was looking, I think, at a more, I infer, at a more comprehensive file. We don't know what he was doing. We don't know. But why should, but he issued his order. And it seems to me that 38 CFR 3.154, that that issue's in the rear view mirror. That a very senior official of the US Department of Veterans Affairs has determined that there was, that that was satisfied. And now the board is interposing itself and making this very conclusory statement that he didn't review that document is, you know, that confounds me. I can't say what Mr. Hickman did or didn't know. But I do know that apparently in the chain of command, in the VA, he sits fourth in line, I think, as Director of Compensation and Benefits. He put pen to paper and issued that letter and instructed them to develop the claim. If that be true, it seems to me we have to move on to 38 CFR 3.400i, which says that the claim is either the date of the injury, the effective date of this claim would be the date of the injury, or the date of filing. In terms of what date, to what date are you seeking to get back to? A date other than the date on which the SF-95 was filed? When we filed our notice of disagreement, with no information whatsoever available to me, I pled... What are you asking now? What are you asking for now? No, I pled... To what date? I pled for the January 1991 date. And that's the date of the SF-95? Because he was so... Well, then, if that's so, what reason is there to think that perhaps... Why shouldn't we conclude that Mr. Hickman was also relying on that document, and perhaps mistakenly? Well, it's a discretionary function, but he's a very high official of the VA, and it seems to me, in the previous case, that discussion about resources and what are we doing?  He prevailed in federal district court. Mr. Hickman reviewed it... He didn't prevail. It was settled, wasn't it? Oh, right. It was settled, but I say that... It didn't prevail in that sense. No, there wasn't a jury trial, or a trial, on the merits. However, then Mr. Hickman, in his sound discretion, you know, picked up a pen and said, look, develop this. And when it got back to Detroit, they simply threw it in the file, and I didn't see it until we finally got a copy of the claims file. I didn't know the letter existed. But in reviewing 1151 and the regulations, I said, look, you folks did not file within one year because Mr. Mansfield was so ill. So your earliest possible effective date is January 3rd, 1991. Now, if great minds move together, then I assume Mr. Hickman felt the same way. In any event, he sent it back to Detroit to be developed. Had they not submitted a pocket veto, effectively, to his order, and it seems to me that the Director of Compensation and Benefits is ordering the regional office in Detroit to discharge their duties, and they just scoff at him and just throw it in the file. And Congress has been very critical of that office. We're not proud of being first or the worst for regional offices in the system, but we live with it every day. And this is just another example of it. So had they got on with it, then perhaps they would have articulated what they felt was an effective date at that time, and we could have taken it up, you know, then. And of course, they end up in 2001 paying 1993 benefits with 2001 inflated dollars. And it's a miracle that this man lived long enough. And we came up first. Judge Green apparently agreed with me because he remanded it back. And then just in a very few weeks, a second opinion issued, which virtually had not a word changed, and came back up before Judge Hagel. Judge Hagel then adopted the position of secretary, but the chief judge did not. We asked for a panel decision, and the court below is very overwhelmed, as you know, their docket's very heavy, and we weren't granted a panel. We were granted an oral argument on it. And so here we are with a matter of first impression that hasn't been fully ventilated below. Perhaps we should have gotten to some of those issues, but we did not. Are you saying they're factual issues, Mr. Walsh, that need to be developed here? Well, no, we can't. Mr. Hickman signed his letter, and he's no longer with the agency, I assume. And time marches on. However, he was- It's logical to assume, I guess, that, I mean, even though it's not certain, that he based his June 93 letter on the SF-95. He was reviewing a file. Isn't that the only thing that could have been in the file? There were no other submissions from your client, were there? Well, he had filed for pension years before. So he had a 21-5-26. He had the full application for benefits. No, but there was nothing else, though, growing out of the 1989 surgery. No. In fact, it was his physician who said he was paying about $120 a month in co-pays for medicine. And his physician, VA physician, urged him to file the claim. And in fact, we got $13,000 added to the retroactive pay for medication co-pays that that family had paid from the 1993 date up to the 2000 date. So it was simply the fact that the man was so seriously ill and his physician was concerned that they were going to lose their home that he encouraged them to file this claim. OK, let's save the rest of your time, and let's hear from the other side. Thank you, Your Honor. Mr. Harrington. May it please the Court. The starting point for this appeal is the Veterans Court's finding that Mr. Mansfield first submitted a request for Section 1151 benefits in October of 2000. Because this factual finding cannot now be challenged, Mr. Mansfield has established no error. Section 5110 of Title 38 provides that the effective date for an award for dependency indemnity compensation  Mr. Mansfield first submitted his application for these benefits in October of 2000. And the January 1991 effective date that he now seeks for those benefits would be contrary to the statutory provision and to regulations as well. In fact, there can be and there are no Department of Veterans Affairs regulations that conflict with the statutory directive in Section 5110. But as it is now, if nothing changes, as I understand it, Mr. Harrington, he has a June 93 date, correct? That's correct. And the government's not urging us to change that. We are not. We believe that. You're just making legal argument to support your position that we should affirm, right? Absolutely. We are saying that the Court should affirm the decision below, and that the decision below finding the submission in October 2000 to be the proper trigger. But the court said that the error by the board was something that inured to the veteran's benefit. And we're not asking this court to change that. You're saying that basically he got more than he was legally entitled to. That's correct. He would be legally entitled to get even more than that. Exactly. Exactly. As I understand it, his argument basically is that the SF's, what is it, 95 or 75? 95. That that should be viewed as a claim, and that presumably Mr. Harrington so viewed it. And I take it that his argument would be, as I suggested, and he said this was right, that because the SF 95 relied on the same basic facts as his subsequent claim for benefits, that is the unfortunate surgery that was performed, that should be viewed as constituting his claim. And therefore, he's entitled to get benefits back to that date. That's his argument as I take it. That is my understanding of the argument as well, Your Honor. The difficulty with that argument, of course, is that 38 CFR section 3.145 dictates a different result. And that's what the court below found. That particular regulatory section specifically deals with the submission of requests for benefits under section 1151. And while it doesn't require a specific form to be submitted to request those benefits, it does require that the veteran indicate in writing an intent to claim disability or dependency compensation, quote, under the laws governing entitlement to veterans benefits, unquote. And that is the difficulty with the SF 95. But we don't have cases that require the veterans to use the words of a statute or regulation. My general perception of the policy as well as precedent is that we have accepted, for instance, as a notice of disagreement, very informal kinds of statements as well as the initiation of claims. Why should this be viewed any differently? And we do have Mr. Hickman's response. Well, let me start by saying we are not suggesting that there have to be some magic words. An informal claim can be submitted for benefits under section 1151. There's no question about that. The difficulty is that, as a factual matter, the SF 95 submitted back in 1991. Well, isn't the problem basically that there's nothing in SF 95 that even suggests that he's seeking a claim for veterans' disability benefits? What he's seeking is a claim for a substantial amount of money for medical negligence. That's exactly right. The SF 95 is a standard form providing notice to the government of a Federal Tort Claims Act. And as I recollect, before you can sue under the Federal Tort Claims Act, you first have to make an administrative claim. And if you don't make the administrative claim, your Tort Claims Act case is thrown out. That is my understanding, Your Honor. And that's the very purpose of the SF 95 that was submitted. It was notice of the dispute, the Tort Claims Action dispute. And the contents of the form confirm that. And that's what was looked at by the board. That's what was looked at by the Veterans Court. And they reached that conclusion. And frankly, applying Section 3.145 to the facts of this case, that's something that was done below. And it's something that applying the law to the specific facts of the case is something that's outside the court's jurisdiction. It's not even properly before the court at this juncture. That said, the court below got it right. Your Honor, I will just note in passing that regulatory section 3.150 is mentioned in Mr. Mansfield's brief. And that section is a regulatory section dealing with providing forms to veterans claimants. It really has no bearing on this. It provides that certain forms will be provided. It provides that certain forms will be provided if they're requested. But that's not really what this case is about. Your Honors, for these reasons, we respectfully request that this court affirm the decision of the Court of Appeals for Veterans Claims. Thank you, Mr. Harrington. Mr. Walsh. If it please the court, just very briefly, Your Honors. I think that the VA's position in this is another hyper-technical construct of castles in the sky. Mr. Hickman, the fourth-ranking official in their agency, put pen to paper and said, develop this case. There may have been a letter from plaintiff's counsel or the family in that file that is not in the systems of records now. And we've looked diligently. We couldn't find it. However, you can't make it up. Either it's the date of the injury, or it's the date of filing a claim. Now, they're sort of excoriating Mr. Hickman in the board below. They seem to treat him like he's the next friend of the Mansfield family, or that his acts were ultra-virus. I submit to the court that his conduct is res judicata. He made his call. But the government isn't saying that they're not trying to disturb the entitlement to June of 90, starting from June of 93. Well, that's what Mr. Harrington just said. He was making legal arguments, and then Judge Friedman pointed out that what you're saying is he wasn't entitled, really, to anything before 2000, but he got June of 93. I mean, they're not trying to disturb that. No, his position is that their own director of compensation and benefits said that he was entitled to benefits. And the 1993 date. But he didn't say as of when, did he? No, but the point is he had to be reviewing the litigation file, as you suggested. Whether there were some other correspondence in there that is now not preserved in the claims file, we don't know. However, if we assume arguendo, that he said 3.154 has been met, then you have to apply 3400i, and the date that, in all good faith, conscience, justice, and equity is the filing date of the SF-95 is the earliest they can have. I explained to the family, you can't have the date of injury because you didn't file within one year. But I don't think that the board has any authority to make it up and do what they want to do. I think they have to follow the law. And they're just making a collateral attack and an end run on Mr. Hickman's action. And Stan, do you agree? I don't know if that's, I mean, the fact is, Mr. Walsh, I mean, the government says they should have just gone with the year 2000. But it may well be that the board kind of engaged a little bit of a compromise here. You can't tell. Well, yeah, I suggested that they cut the baby in half. And that's why there is jurisdiction here. This is absolutely a legal matter. 3 ACFR 3400I is applicable. And I don't think that the board should be second guessing Mr. Hickman and making it up. Either you apply that. And I think once you see that letter and you take cognizance of the letter, he had made a determination there was a claim. He certainly outranked some GS-7 person working the file at a regional office. This was a very senior official of the agency. And as a discussion in the earlier case, there's comedy here. We've expended a bunch of resources down in the federal court. The transaction and occurrence, there's no factual dispute here. Let's not waste any money. Let's take care of this. He sends it back to Detroit to be finalized. And for seven years, it lies nascent in the file. And it doesn't get done at the time. I guess maybe some documents were lost in the intervening seven years. Should that be a windfall to the government of about two years of back benefits for this family that's in extremis? I don't think so. I think justice and fair play in the Hodge decision and not having a hyper-technical, super-litigious system of veterans benefits indicates we ought to pay this family. Let me see if I can restate the question. Is the question whether the filing with the regional office of the notice of the filing of a federal tort claim act is, in fact, notice of a claim for veterans benefits? That and the pleadings in the federal district court. There certainly is more than malign notice here that these people have been harmed. And flowing from that, I think if you take a reasonable reading of 1151, that that brings them under that umbrella. I think that and when- But you're not saying that it's automatic. Certainly there can be a filing under FS-95 in the district court, which would not raise, well, one can imagine a situation which would not entail veterans benefits. But he was already a veterans claimant. He had filed a 21-5-26, so he had already filed a claim for benefits previously. It seems to me that, as a minimum, it was an informal claim. And when it was filed with the VA Regional Council, it was filed in Detroit, that they should have sent him out a form. What you would say is the legal issue here, and you said there was a legal issue so that we have jurisdiction, is whether, as a matter of law, an SF-95 can serve as the filing of a claim, correct? Well, it's a date that we have. Mr. Hickman was looking at something. No, no, but that is the legal question, is it not? I mean, I think that's the legal question. In other words, can the filing in the SF-95 serve as the filing of a claim for benefits pursuant to the statute? If we say it does, you prevail. If we say it doesn't, then we affirm, right? Well, no, because Mr. Hickman made a decision. And it seems to me that the- But Mr. Hickman made a decision, and we cannot tell on what that decision was based. We cannot. All he said was as a claim. We don't know whether he misinterpreted or whether he relied on the SF-95 or whether, as you suggest, there was some other document in the file that's since been lost or destroyed. So with our archaeology, all we can determine is that, for certain, he placed the government on notice in January of 91, and I assert that- So you're saying the SF-95 serves as the filing of a claim under the statute. And it gives Mulane notice, and at that point, it should have triggered an informal claim review by the regional office on the 1151 side. They should have sent him a form to fill out. But don't we have to go even beyond that? Assuming we would say that an SF-95 may constitute a claim, don't we also have to go beyond that and say that, looking at this document, we think it was a claim? Well, that's within the sound discretion of the court. And that is where I find some problem with whether we're then getting into the facts of the particular case. Well, again, here is a case where I think we meet 4C, prong 4, that this is a situation where if they apply the regulation, as I feel they should, they've got to adopt that because they don't have any other documents. If they've lost some documents, that's fine. That's a colorable claim, and it seems to me that that's a fair and equitable application of that regulation. But I just don't think there's any legal authority to take Mr. Hickman's letter, the date on Mr. Hickman's letter. There's no legal authority to assign an effective date then. And so, again, if we assume that he's reviewing that litigation file, he's got two dates there. He's got the SF-95 and the date six months later when the complaint was filed in the federal district court to work with. He also would then, of course, have the court order. But it seems to me that the logical date to adopt is the date that he placed the secretary on notice. OK. Any more questions? No more questions? Good. Thank you, Mr. Walsh. Thank you, Mr. Harrington. Case is taken into submission.